(ryu)

HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for Defendant

FILED
DISTRICT COURT OF GUAM

JUN 20 2008 ʀᴅ.

JEANNE G. QUINATA
Clerk of Court

DISTRICT COURT OF GUAM

-----------

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ( ) | Criminal Case No. 08-00016 |
| Plaintiff, | ( ) | REQUEST FOR JURY INSTRUCTIONS |
| vs. | ( ) | |
| JI EON LEE, | ( ) | |
| Defendant. | ( ) | |

-----------

Defendant respectfully requests that the Court instruct the jury on the law as set forth in the jury instructions hereto annexed.

Dated, Hagåtña, Guam,

June 20, 2008.

_____
HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for Defendant

(DOC/TrlDocs/JuryInst.JELee)

ORIGINAL

## INDEX

Instruction No. 1: Reasonable Doubt—Defined ................... 1

Instruction No. 2: Activities Not Charged ....................... 2

Instruction No. 3: Separate Consideration of Multiple Counts ............ 3

Instruction No. 4: Conspiracy—Elements (Count I) ................. 4

Instructions Nos. 5-10: Producing an Identification Document Without
    Lawful Authority (Count II) ........................... 6-11

    Instruction No. 5: Elements of the Offense ................... 6

    Instruction No. 6: First Element—False Identification Document ..... 7

    Instruction No. 7: Second Element—Production ............... 8

    Instruction No. 8: Third Element—Lack of Lawful Authority ....... 9

    Instruction No. 9: Fourth Element—Affecting Interstate Commerce .. 10

    Instruction No. 10: Production of Driver's License ............ 11

Instruction No. 11: Credibility of Witnesses ...................... 12

Instruction No. 12: Duty to Deliberate ......................... 13

# AUTHORITIES

Instruction No. 1: Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* Instruction 3.5 (current ed.).

Instruction No. 2: Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* Instruction 3.11 (current ed.).

Instruction No. 3: Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* Instruction 3.12 (current ed.).

Instruction No. 4: Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* Instruction 8.16 (current ed.).

Instruction No. 5: 1 Leonard B. Sand, et al., *Modern Federal Jury Instructions* Instruction 39A—2 (2007).

Instruction No. 6: 1 Leonard B. Sand, et al., *Modern Federal Jury Instructions* Instruction 39A—3 (2007).

Instruction No. 7: 1 Leonard B. Sand, et al., *Modern Federal Jury Instructions* Instruction 39A—4 (2007).

Instruction No. 8: 1 Leonard B. Sand, et al., *Modern Federal Jury Instructions* Instruction 39A—5 (2007).

Instruction No. 9: 1 Leonard B. Sand, et al., *Modern Federal Jury Instructions* Instruction 39A—6 (2007).

Instruction No. 10: 1 Leonard B. Sand, et al., *Modern Federal Jury Instructions* Instruction 39A—44 (2007).

Instruction No. 11: Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* Instruction 3.9 (current ed.).

Instruction No. 12: Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* Instruction 7.1 (current ed.).

# INSTRUCTION NO. 1
## REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence,
or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

1

# INSTRUCTION NO. 2

## ACTIVITIES NOT CHARGED

The defendant is on trial only for the crimes charged in the indictment, not for any other activities.

# INSTRUCTION NO. 3

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on the other count.

3

## INSTRUCTION NO. 4

## CONSPIRACY—ELEMENTS

## (COUNT I)

The defendant is charged in Count I of the indictment with conspiring to produce an identification document without legal authority in violation of Section 371 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about January 27, 2008, there was an agreement between two or more persons to commit the crime charged in Count II of the Indictment;

Second, the defendant became a member of the conspiracy, knowing of at least one of its objects, and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is an agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators

4

made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit the crime alleged in Count II of the indictment as an object of the conspiracy.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

5

# INSTRUCTION NO. 5

## PRODUCING AN IDENTIFICATION DOCUMENT WITHOUT LAWFUL AUTHORITY

## ELEMENTS OF THE OFFENSE

## (COUNT II)

The defendant is charged in Count II of the indictment with producing an identification document without lawful authority in violation if Section 1028(a)(1), Section 1028(b)(1)(A)(ii), and Section 1028(c)(3)(A) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that the document described in the indictment is an identification document;

Second, that the defendant produced that document;

Third, that the defendant produced that document knowingly and without lawful authority; and

Fourth, that the defendant's conduct was in or affecting interstate commerce.

6

# INSTRUCTION NO. 6

## PRODUCING AN IDENTIFICATION DOCUMENT WITHOUT LAWFUL AUTHORITY

## FIRST ELEMENT—IDENTIFICATION DOCUMENT

## (COUNT II)

The first element which the government must prove beyond a reasonable doubt is that the document described in the indictment is an identification document.

The term "identification document" means a document made or issued by or under the authority of the United States government, a state or local government, or a foreign government, which when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals.

A document is of a type intended or commonly accepted for the purposes of identification of individuals if it is regularly used or accepted to identify the bearer as himself or herself.

7

# INSTRUCTION NO. 7

## PRODUCING AN IDENTIFICATION DOCUMENT WITHOUT LAWFUL AUTHORITY

## SECOND ELEMENT—PRODUCTION

## (COUNT II)

The second element which the government must prove beyond a reasonable doubt is that the defendant produced that identification document.

To produce a document means to make, manufacture, issue, publish, alter, authenticate, or assemble that document.

8

# INSTRUCTION NO. 8

## PRODUCING AN IDENTIFICATION DOCUMENT WITHOUT LAWFUL AUTHORITY

## THIRD ELEMENT—LACK OF LAWFUL AUTHORITY

## (COUNT II)

The third element which the government must prove beyond a reasonable doubt is that the defendant produced the document knowingly and without lawful authority.

An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake, or some other innocent reason.

The term "lawful authority" means the authority to manufacture, prepare, or issue identification documents by statute or regulation or by contract with a government entity which has such authority.

To prove this element, then, the government must prove that defendant was not authorized to produce the document described in the indictment.

A person who has lawful authority to produce such documents may also act without lawful authority when he or she produces a document knowing that the requirements for issuing the particular document had not been fulfilled.

9

# INSTRUCTION NO. 9

## PRODUCING AN IDENTIFICATION DOCUMENT WITHOUT LAWFUL AUTHORITY

## FOURTH ELEMENT—AFFECTING INTERSTATE COMMERCE

## (COUNT II)

The fourth element which the government must prove beyond a reasonable doubt is that the defendant's production of the identification document was in or affecting interstate commerce.

Interstate commerce simply means the movement of goods, services, money, and individuals between any two or more states or between one state and the District of Columbia or between a state and a United States Territory or possession or between the United States and a foreign country.

To satisfy this element, the government must prove that the defendant's conduct affected interstate commerce in any way, no matter how minimal. You do not have to find that defendant's conduct would have affected interstate commerce if the defendant had successfully and fully completed his actions. Finally, the government is not required to prove that the defendant knew he was affecting interstate commerce.

10

# INSTRUCTION NO. 10

## PRODUCING AN IDENTIFICATION DOCUMENT WITHOUT LAWFUL AUTHORITY

## PRODUCTION OF DRIVER'S LICENSE

## (COUNT II)

If you find that the government has proven all of the elements that I just described for you, there is one more thing I would like you to decide, and that is whether the government has proven beyond a reasonable doubt that the defendant produced an identification document that is or appears to be a driver's license.

11

# INSTRUCTION NO. 11

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness's interest in the outcome of the case and any bias or prejudice;

5. Whether other evidence contradicted the witness's testimony;

6. The reasonableness of the witness's testimony in light of all the evidence; and

7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

12

# INSTRUCTION NO. 12

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

13

# DECLARATION OF SERVICE

I, Joice E. Tevid, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendant herein, and that on June 20, 2008, I served the document to which this declaration is annexed on Karon V. Johnson, Esq., Assistant United States Attorney, the attorney for Plaintiff herein, by leaving a copy thereof at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 20, 2008, at Hagåtña, Guam.

*[signature]*
JOICE E. TEVID