Lee75.Inst

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez
Hagåtña, Guam  96910-5113
PHONE:  472-7332
FAX:  472-7334

Attorneys for the United States of America

## IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO.   08-00016 |
| | ) | |
| Plaintiff, | ) | **UNITED STATES PROPOSED** |
| | ) | **JURY INSTRUCTIONS** |
| vs. | ) | |
| | ) | |
| JI EON LEE, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States and hereby files with the Court the specific instructions it believes applicable to this case, in addition to those which the court provides.

Respectfully submitted this   9th   day of July, 2008.

                                                          LEONARDO M. RAPADAS
                                                          United States Attorney
                                                          Districts of Guam and CNMI

                                 By:    /s/ Karon V. Johnson
                                        KARON V. JOHNSON
                                        Assistant U.S. Attorney

## INDEX

| NO. | DESCRIPTION | PAGE |
|-----|-------------|------|
| 1 | Count I - Conspiracy | 1 |
| 2 | Count II - Fraud in Connection with Identification Documents | 3 |
| 3 | Knowingly | 4 |
| 4 | Aiding and Abetting | 5 |

INSTRUCTION NO.  1

- i -

# CONSPIRACY

The defendant is charged respectively in Count I of the indictment with conspiring to commit the crime of unlawfully producing identification documents in violation of Section 371 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about January 27, 2005, there was an agreement between two or more persons to commit the crime of unlawful production of identification documents, as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership–an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. An agreement need not be express, but rather may be a tacit understanding. An agreement may be inferred from all the circumstances, especially declarations, acts, and conduct of the alleged conspirators. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the

-2-

person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2003 Ed., §8.16

16 Am.Jur. 2d Conspiracy § 10

United States v. Monroe, 552 F.2d 860 (9th Cir. 1977)

INSTRUCTION NO. __2__

-3-

# FRAUD IN CONNECTION WITH IDENTIFICATION DOCUMENTS

The defendant, JI EON LEE, is charged in Count II of the indictment with Fraud in Connection with Identification Documents, in violation of Title 18, United States Code, §§ 1928(a)(1), (b)(1)(A)(ii), and (c)(3)(A). In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly produced an identification document, specifically, a driver's license;

Second, the defendant knew or had reason to believe beyond a reasonable doubt that the said driver's license was produced without lawful authority; and

Third, the production, transfer, possession or use of the said driver's license was in or affected interstate or foreign commerce.

The term "produce" includes alter, authenticate, or assemble, make, manufacture, issue or publish.

The term "identification document" includes a document made or issued by or under the authority of a State or political subdivision of a State, which when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals.

The term "State" includes any territory of the United States.

"Authenticate" means to establish the authenticity of; to prove genuine.

The term "lawful authority" refers to the authority to manufacture, prepare, or issue identification documents by statute or regulation, or by contract pursuant to such authority.

Authority: 18 U.S.C. §§ 1028(d)(3) & (d)(9); The American Heritage Dictionary of the English Language, Fourth Edition, 2000; Black's Law Dictionary, Revised Fourth Edition, 1968; H.R. REP. 97-802, 1982 U.S.C.C.A.N. 3519 et seq;

INSTRUCTION NO. __3__

# KNOWINGLY

An act is done knowingly if a defendant is aware of the act and does not act through ignorance, mistake or accident. You may consider evidence of a defendant's words, acts or omissions, along with all the other evidence, in deciding whether a defendant acted knowingly.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 5.6

INSTRUCTION NO. 4

AIDING AND ABETTING

-5-

A defendant may be found guilty of the crime charged, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First: the crime of fraudulent production of a driver's license was committed by someone:

Second: the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the illegal production of a driver's license.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 5.1