(ryu)

HOWARD TRAPP INCORPORATED
200 Saylor Building
139 East Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for Defendant

**FILED**
DISTRICT COURT OF GUAM

JUL 29 2008

JEANNE G. QUINATA
Clerk of Court

## DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ( ) | Criminal Case No. 08-00016 |
| Plaintiff, | ( ) | SUPERSEDING REQUEST FOR JURY INSTRUCTIONS |
| vs. | ( ) | |
| JI EON LEE, | ( ) | |
| Defendant. | ( | |

Defendant respectfully requests that the Court instruct the jury on the law as set forth in the jury instructions hereto annexed.

Dated, Hagåtña, Guam,

July 29, 2008.

_____
HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for Defendant

(DOC/TrlDocs/JuryInst.JELee)

# INDEX

Instruction No. 1: Reasonable Doubt—Defined . . . . . . . . . . . . . . . . . . . . 1

Instruction No. 2: Activities Not Charged . . . . . . . . . . . . . . . . . . . . . . . 2

Instruction No. 3: Separate Consideration of Multiple Counts . . . . . . . . . . . 3

Instruction No. 4: Conspiracy—Elements (Count I) . . . . . . . . . . . . . . . . . 4

Instructions Nos. 5-8: Causing the Production of an Identification
    Document Without Lawful Authority (Count II) . . . . . . . . . . . . . . . 6-9

    Instruction No. 5: Elements of the Offense . . . . . . . . . . . . . . . . . . 6

    Instruction No. 6: First Element—Identification Document . . . . . . . . 7

    Instruction No. 7: Second Element—Production . . . . . . . . . . . . . . . 8

    Instruction No. 8: Third Element—Affecting Interstate
        or Foreign Commerce . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Instruction No. 9: Aiding and Abetting . . . . . . . . . . . . . . . . . . . . . . . . 10

Instruction No. 10: Credibility of Witnesses . . . . . . . . . . . . . . . . . . . . . 12

Instruction No. 11: Duty to Deliberate . . . . . . . . . . . . . . . . . . . . . . . . 13

# AUTHORITIES

Instruction No. 1: Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* Instruction 3.5 (current ed.).

Instruction No. 2: Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* Instruction 3.11 (current ed.).

Instruction No. 3: Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* Instruction 3.12 (current ed.).

Instruction No. 4: Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* Instruction 8.16 (current ed.).

Instruction No. 5: 2 Leonard B. Sand, et al., *Modern Federal Jury Instructions* Instruction 39A—2 (2007); 1A Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions—Criminal* § 18.01 notes (2000).

Instruction No. 6: 2 Leonard B. Sand, et al., *Modern Federal Jury Instructions* Instruction 39A—3 (2007).

Instruction No. 7: 2 Leonard B. Sand, et al., *Modern Federal Jury Instructions* Instructions 39A—4 & 39A—5 (2007); Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* Instruction 5.5 comment (current ed.).

Instruction No. 8: 2 Leonard B. Sand, et al., *Modern Federal Jury Instructions* Instruction 39A—6 (2007).

Instruction No. 9: 1 Leonard B. Sand, et al., *Modern Federal Jury Instructions* Instruction 11—2 (2007).

Instruction No. 10: Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* Instruction 3.9 (current ed.).

Instruction No. 11: Ninth Circuit Committee on Model Jury Instructions, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* Instruction 7.1 (current ed.).

# INSTRUCTION NO. 1

## REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

1

# INSTRUCTION NO. 2

## ACTIVITIES NOT CHARGED

The defendant is on trial only for the crimes charged in the indictment, not for any other activities.

2

# INSTRUCTION NO. 3

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on the other count.

3

# INSTRUCTION NO. 4

## CONSPIRACY—ELEMENTS

### (COUNT I)

The defendant is charged in Count I of the indictment with conspiring to commit the crime charged in Count II of the indictment in violation of Section 371 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about January 27, 2008, there was an agreement between two or more persons to commit the crime charged in Count II of the Indictment;

Second, the defendant became a member of the conspiracy, knowing of at least one of its objects, and intending to help accomplish it; and

Third, one of the members of the conspiracy performed the overt act charged in Count I of the indictment, that is to say, the submission of an application for a Guam driver's license, said application bearing a false Taxpayer Identification Number (TIN) 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, for the purpose of carrying out the conspiracy.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is an agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

4

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit the crime alleged in Count II of the indictment as an object of the conspiracy.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

The government is not required to prove that the defendant personally did the overt act.

5

Case 1:08-cr-00016    Document 24    Filed 07/29/2008    Page 8 of 17

# INSTRUCTION NO. 5

## CAUSING THE PRODUCTION OF AN IDENTIFICATION DOCUMENT WITHOUT LAWFUL AUTHORITY

## ELEMENTS OF THE OFFENSE

## (COUNT II)

The defendant is charged in Count II of the indictment with causing the production of an identification document without lawful authority in violation of Section 1028(a)(1), Section 1028(b)(1)(A)(ii), Section 1028(c)(3)(A), and Section 2 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the document described in the indictment is an identification document;

Second, the defendant willfully and by means of a false Internal Revenue Service Taxpayer Identification Number (TIN) 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 caused someone to produce that document without lawful authority; and

Third, the defendant's conduct was in or affecting interstate or foreign commerce.

6

# INSTRUCTION NO. 6

## CAUSING THE PRODUCTION OF AN IDENTIFICATION DOCUMENT WITHOUT LAWFUL AUTHORITY

## FIRST ELEMENT—IDENTIFICATION DOCUMENT

## (COUNT II)

The first element which the government must prove beyond a reasonable doubt is that the document described in Count II of the indictment is an identification document.

The term "identification document" means a document made or issued by or under the authority of the United States government, a state or local government, or a foreign government, which when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals.

A document is of a type intended or commonly accepted for the purposes of identification of individuals if it is regularly used or accepted to identify the bearer as himself or herself.

7

# INSTRUCTION NO. 7

## CAUSING THE PRODUCTION OF AN IDENTIFICATION DOCUMENT WITHOUT LAWFUL AUTHORITY

## SECOND ELEMENT—PRODUCTION

## (COUNT II)

The second element which the government must prove beyond a reasonable doubt is that the defendant willfully and by means of a false Internal Revenue Service Taxpayer Identification Number (TIN) 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 caused someone to produce the document described in Count II of the indictment without lawful authority.

An act is done willfully if it is done knowingly and intentionally and not through ignorance, mistake, or accident.

To produce a document means to make, manufacture, issue, publish, alter, authenticate, or assemble that document.

The term "lawful authority" means the authority to manufacture, prepare, or issue identification documents by statue or regulation.

The government must prove that the person who actually produced the document described in Count II of the indictment was not authorized to do so.

8

# INSTRUCTION NO. 8

## CAUSING THE PRODUCTION OF AN IDENTIFICATION DOCUMENT WITHOUT LAWFUL AUTHORITY

## THIRD ELEMENT—AFFECTING INTERSTATE OR FOREIGN COMMERCE

## (COUNT II)

The third element which the government must prove beyond a reasonable doubt is that the production of the document described in Count II of the indictment was in or affecting interstate or foreign commerce.

Interstate or foreign commerce simply means the movement of goods, services, money, and individuals between any two or more states or between one state and the District of Columbia or between a state and a United States territory or possession or between the United States and a foreign country.

To satisfy this element, the government must prove that the defendant's conduct affected interstate or foreign commerce in any way, no matter how minimal. You do not have to find that defendant's conduct would have affected interstate or foreign commerce if the defendant had successfully and fully completed her actions. Finally, the government is not required to prove that the defendant knew she was affecting interstate or foreign commerce.

9

# INSTRUCTION NO. 9

## AIDING AND ABETTING

## (COUNT II)

In this case, the government does not contend that the defendant actually committed the crime charged in Count II of the indictment. Instead, it contends that the defendant caused another person to physically commit the crime.

Section 2(b) of the aiding and abetting statute reads as follows:

"Whoever willfully causes an act to be done which, if directly performed by him, would be an offense against the United States, is punishable as a principal."

What does the term "willfully caused" mean? It does not mean that the defendant herself need have physically committed the crime or supervised or participated in the actual criminal conduct charged in the indictment.

The meaning of the term "willfully caused" can be found in the answers to the following questions:

Did the defendant cause another person to produce the document described in the indictment?

Did the defendant know that the document described in Count II of the indictment was produced without lawful authority?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "Yes," then the defendant is an aider and abettor, and therefore guilty of the crime charged in Count II of the indictment, just as if she herself had

10

actually committed it. If, on the other hand, you are not persuaded beyond a reasonable doubt that the answer to either of these questions is "Yes," then the defendant is not an aider and abettor, and you must find her not guilty of the crime charged in Count II of the indictment.

## INSTRUCTION NO. 10

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness's interest in the outcome of the case and any bias or prejudice;

5. Whether other evidence contradicted the witness's testimony;

6. The reasonableness of the witness's testimony in light of all the evidence; and

7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

12

## INSTRUCTION NO. 11

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

13

# DECLARATION OF SERVICE

I, Joice E. Tevid, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendant herein, and that on July 29, 2008, I served the document to which this declaration is annexed on Karon V. Johnson, Esq., Assistant United States Attorney, the attorney for Plaintiff herein, by leaving a copy thereof at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29, 2008, at Hagåtña, Guam.

_____
JOICE E. TEVID