(jet)



**FILED**

DISTRICT COURT OF GUAM

AUG 1 4 2008 F D.

**JEANNE G. QUINATA**
**Clerk of Court**

HOWARD TRAPP INCORPORATED
200 Saylor Building
139 East Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for Defendant

## DISTRICT COURT OF GUAM

------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ( | Criminal Case No. 08-00016 |
| | ) | |
| Plaintiff, | ( | OBJECTION TO ADMISSION |
| | ) | OF EVIDENCE |
| vs. | ( | |
| | ) | (Fed. R. Evid. 401, 402) |
| JI EON LEE, | ) | |
| | ( | |
| Defendant. | ) | |

------------

Defendants object to the admission of Government Exhibit 1—
"Applicable Guam Statutes, Attorney General's Opinion"— on the ground that it is
not evidence of a fact.

Evidence of anything other than a fact is not admissible. "'Relevant
evidence' means evidence having any tendency to make the existence of any *fact*
that is of consequence to the determination of the action more probable or less

probable than it would be without the evidence." (Fed. R. Evid. 401 (emphasis added.).) "Evidence which is not relevant is not admissible." (Fed. R. Evid. 402.)

The "Applicable Guam Statutes [and the] Attorney General's Opinion" do not purport to be facts. Rather, the "Applicable Guam Statutes [and the] Attorney General's Opinion" purport to be law.

The Government's only recourse is to request that the Court instruct the jury on the "Applicable Guam Statutes [and the] Attorney General's Opinion." "The law of any State of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts are bound to take judicial notice, without plea or proof." (*Lamar v. Micou*, 114 U.S. 218, 223 (1885).) "Any party may request in writing that the court instruct the jury on *the law* as specified in the request." (Fed. R. Crim. P. 30(a)(emphasis added).)

That the Government's only recourse is to request that the Court instruct the jury on the "Applicable Guam Statutes [and the] Attorney General's Opinion" is clearly supported by *United States v. Rohn*, 964 F.2d 310 (4th Cir. 1992):

Congress adopted the False Identification Crime

2

Control Act of 1982, Pub. L. No. 97-398, 96 Stat. 2009, of which 18 U.S.C. § 1028(a)(3) is a part, to create federal offenses relating to possession of false identification documents, counterfeiting of identification documents, and trafficking in such documents. *See* H.R. Rep. No. 802, 97th Cong., 2d Sess. 1, *reprinted in* 1982 U.S. Code Cong. & Admin. News 3519, 3519. In creating the § 1028(a)(3) offense, Congress could have criminalized mere possession of false identifications. It did not, however, write the statute in this way. Rather, an essential element of the offense Congress created is an "intent to use unlawfully" the false identifications possessed. 18 U.S.C. § 1028(a)(3). Accordingly, as the legislative history makes clear, possession of five or more false identifications violates § 1028(a)(3) *only* when the intended use of the documents would "violate[] a federal, state or local law, or [be] part of the making of a misrepresentation that violates a law." H.R. Rep. No. 802, 97th Cong., 2d Sess. 10, *reprinted in* 1982 U.S. Code Cong. & Admin. News 3519, 3529. Thus, to enable the jury to conclude that a defendant intended to use false identifications unlawfully, the government is required to establish [that] the uses to which appellant intended to put the false identifications . . . would violate one or more federal, state, or local laws.

[An] issue raised on appeal is whether [this] criteri[on was] satisfied. . . .

The problem with the government's case . . . relates to the statute's . . . requirement that the intended uses be unlawful. The government—urging the jurors not "to check [their] common sense at the door of the jury

3

room"—suggested at trial that Rohn intended unlawful
uses because there were no "possible lawful uses for
phony identifications." This, we think, is an insufficient
basis for the jury to conclude that the appellant's intended
uses were unlawful. In effect, the government's argument
represented an impermissible effort to shift the burden of
proof to appellant: The message of the government's
assertion was that the government need not actually show
an unlawful use because Rohn had not demonstrated a
lawful one. As we noted above, Congress could have
written the statute in this manner, but it did not; as
enacted, § 1028(a)(3) places an affirmative burden on the
government to demonstrate that one of appellant's
intended uses for the false identifications was unlawful.

This the government failed to do. . . .

The government . . . suggest[s] that the conviction
should be affirmed . . . because the district court was not
required to cite for the jury a particular law that
appellant's intended uses would have violated. We
disagree. Both the text of § 1028(a)(3) and its legislative
history clearly evince Congress' intention that, in a
prosecution under that provision, the government must
show that a defendant's intended use would have been
unlawful. Unlawfulness is determined not by reference to
abstract notions of right and wrong, but to standards
prescribed by appropriate lawmaking bodies. To
demonstrate unlawfulness, it is necessary that the jury be
instructed by the district court that particular conduct
would have violated a specific law. The jury should not
be permitted, as it was here, to rely on "common sense"
as to what conduct is unlawful or on a generalized belief

4

that a defendant was up to no good. Here this requirement of demonstrating the unlawfulness of the intended conduct could have been satisfied by, for example, an instruction that presenting a false driver's license to a police officer violates a law of a state in which appellant could be expected to drive. *See, e.g.*, Va. Code Ann. §§ 18.2—204.1(B), 18.2—204.2 (Michie 1988 & Supp.1991). No such instruction having been given, the jury had no basis on which to conclude that any of appellant's intended uses for the documents would have been unlawful. Her conviction, therefore, simply cannot stand.

(964 F.2d at 312-14 (4th Cir. 1992)(footnotes omitted).)

Dated at Hagåtña, Guam, this 14th day of August, 2008.

HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for Defendant

(DOC/ObjAdmEvidence.JELee)

5

# DECLARATION OF SERVICE

I, Joice E. Tevid, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendant herein, and that on August 14, 2008, I served the document to which this declaration is annexed on Karon V. Johnson, Esq., Assistant United States Attorney, the attorney for Plaintiff herein, by leaving a copy at her office at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 14, 2008 at Hagåtña, Guam.

JOICE E. TEVID