Lee75.memo1

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334
Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 08-00016 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **UNITED STATES RESPONSE TO DEFENDANT'S OBJECTION TO EXHIBIT 1** |
| JI EON LEE, | ) | |
| Defendant. | ) | |

There are two kinds of facts which may be judicially noticed: adjudicative facts and legislative facts. 60 AmJur Proof of Facts 3rd 175 § 3. Federal Rule of Evidence (FRE) 201 concerns judicial notice of adjudicative facts, which are facts not subject to reasonable dispute: the times of sunrise and sunset; the day of week of a specific date; the tide tables; the distance between two locations, etc. Legislative facts relate to determination and interpretation of applicable law. The federal courts are bound to take judicial notice of statutory or case law. Id. § 34.

The Federal Rules of Evidence govern only judicial notice of <u>adjudicative</u> facts. 31A C.J.S. Evidence § 8. The only rule of evidence concerning judicial notice is FRE 201, which specifically states that it governs "only judicial notice of adjudicative facts." There are no specific federal rules of criminal procedure or federal rules of evidence directing the manner in

-1-

which a court notices state statutes. The court may send a copy of the relevant statutes or regulations to the jury as an exhibit, or read them into the record, or employ whatever method of presentation it deems best, to advise the jury of the applicable local laws. There is no federal authority directing specifically how this is to be accomplished.

Defendant's authority is inapposite. FRE 401 does not say that a law cannot be a "fact," or that a statute cannot be evidence, but only that admissible evidence must be relevant. Defendant is charged in this indictment with "unlawfully" producing a Guam driver's license. Whether a Guam license is lawfully or unlawfully produced necessary turns on the application of relevant Guam law to the facts of the case. Thus, the Guam statutes concerning issuance of driver's licenses are facts which must be proved by the government as an element of the charge. If the license was produced in such a manner that Guam law was not violated, the proof fails. FRCrP 30 is also not point. The advisory committee notes make clear, this rule applies to the general jury instructions on the laws applicable to the case, not to judicial notice of particular state statutes..

Defendant's citation to United States v. Rohn, 964 F.2d 310 (4th Cir. 1992), is particularly odd. Rohn concerned the proper way to plead a violation of 18 U.S.C. § 1028(a)(3), the possession "with intent to use unlawfully" five or more identification documents. The court held that in alleging such a charge, the government was required to plead the particular laws the defendant intended to violate in possession such documents. The holding in Rohn was examined and limited in United States v. Brathwaite, 242 F3d.Appx. 900, 2007 WL 1742313 (C.A.4 (Va.)), an unpublished decision wherein the defendant was charged with a violation of 18 U.S.C. 1028(a)(1) for producing fraudulent driver's licenses. The court specifically rejected his argument that the indictment was legally insufficient because it failed to allege how defendant intended to unlawfully use the licenses, and in particular his reliance on Rohn. "In Rohn, this court held that under 18 U.S.C. § 1028(a)(3), the Government must establish that an individual in possession of false identification intends to use the identification in a fraudulent and unlawful

-2-

1 manner,"id. at 903, and characterized Rohn as standing for the proposition that "mere possession
2 is not enough to satisfy § 1028(a)(3)." Rohn does not concern judicial notice of any kind, not of
3 adjudicative facts nor of legislative facts.
4   The court is required to take judicial notice of the Guam law relevant to this case. The
5 manner by which the court does this, by either sending a copy of the statutes to the jury as an
6 exhibit, or by reading the statutes verbatim into the record, is entirely within the court's
7 discretion. Given the length of the relevant statutes, the government suggests that submitting
8 them as an exhibit is the better practice.
9   Respectfully submitted this __15th__ day of August, 2008.

            LEONARDO M. RAPADAS
            United States Attorney
            Districts of Guam and CNMI

      By: /s/ Karon V. Johnson
        KARON V. JOHNSON
        Assistant U.S. Attorney

-3-