Lee75.memo2

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 08-00016 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **UNITED STATES RESPONSE TO** |
| | ) | **DEFENDANT'S MEMORANDUM** |
| JI EON LEE, | ) | **OBJECTING TO THE COURT'S** |
| | ) | **JUDICIAL NOTICE OF GUAM LAW** |
| Defendant. | ) | |

## I. DEFENDANT'S MOTION IN LIMINE

Defendant's objection to the admission of government's exhibit 1 is a motion *in limine*. The defendant is charged with a violation of 18 U.S.C. § 1028(a)(1), for "unlawfully" producing a Guam driver's license. One of the elements of this charge is that defendant produced, or caused to be produced, a Guam license in a manner which violated Guam law. Section 1028(a)(1) does not require the government to plead the specific violation of Guam law in the indictment; it does, however, require proof that a Guam law was violated.

To effect that proof, the government is requesting that the court take judicial notice of the following Guam statutes: 11 GCA §§ 1103, 1104, 1106, & 1107; and 16 GCA § 3101, 3109 & 3109.1. Defendant contends that the proper way for the court to take such judicial notice is by an instruction to the jury, rather than through an exhibit. "The law of any state of the Union,

-1-

whether depending up statues or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof." Amar v. Micou, 114 U.S. 218 (1885). Federal rules do not dictate the manner in which the law is communicated to the jury, simply that it be communicated if so requested by a party.

## II. THE ADMINISTRATIVE ADJUDICATION LAW IS INAPPLICABLE

Defendant challenges the authority of the Director of Rev & Tax to require license applicants to provide an ITIN on their license application if they do not have a social security card. The Director's authority is pursuant to 16 GCA 3101(f)(12), which sets forth the information required on an application, and allows the Director to require "any other information necessary to determine whether the applicant is entitled to a license under this Title."

Defendant contends that the Director's decision to require ITINs must be promulgated according to the Guam Administrative Adjudication Law (also referred to as the Administrative Adjudication Act), 6 GCA 9100 et. seq. But the AAL simply defines the procedures to be employed in adjudication hearings, and the procedures to be employed in issuing rules, when an action is required under the AAL. It does NOT state that every decision of each Gov/Guam agency must be made according to these procedures. A simple analysis of Title 16 confirms this was not the Legislature's intent.

For example, 16 GCA 3603(d) requires the Director to promulgate the "necessary rules and regulations for vehicle safety inspections according to the Administrative Adjudication Act ..." Likewise, 16 GCA 12103(1)(d) & (2) requires that the rules setting fees for tow trucks, and their load limits, must be created pursuant to the AAL. Rules and regulations relative to the licensing of driving education services must also be adopted according to the AAL, 16 GCA 3113(a). The regulation of taxicabs, however, is bifurcated. Rules governing the fees, meter regulation and safety features of taxis must be adopted pursuant to the AAL, 16 GCA 11105. But as concerns the criteria for a taxi driver's license, the Director is simply allowed to adopt "such reasonable and uniform regulations as he may prescribe. ..." 16 GCA 1101(c).

-2-

The fact that the Legislature provided that certain administrative decisions of the Director must be pursuant to the AAL, means inversely it did not intend that the AAL govern all such decisions. For example, if it intended any regulation concerning taxicab drivers to be made according to the AAL, it would not have made the procedural distinction between fees and license criteria. When the Legislature wants regulations adopted through the rule-making mechanism of the AAL, it knows how to say so. Instead, for both driver's licenses and taxicab licenses, the Legislature specifically allowed the Director to develop reasonable license criteria, without the formal rule-making procedure of the AAL.

Defendant's position contravenes two basic rules of statutory interpretation. First, when there is an irreconcilable conflict between a general and a specific statute, the specific ordinarily will control. "Unless is appears that the legislature intended to make the general act controlling, the general statute must yield to the specific one." 82 C.J.S. Statutes § 355. Second, in interpreting a statutory provision, the courts will avoid any construction which renders some of the language superfluous. 83 C.J.S. Statutes § 327, Government of Guam ex rel. GEDA v. U.S., 179 F.3d 630, 634 (9th Cir. 1999). If defendant is correct and every decision by the Director which impacts the public must be made pursuant to the AAL, then the Title 16 sections wherein the Legislature specifically requires the AAL are superfluous.

### III. DEFENDANT LACKS STANDING TO CHALLENGE GUAM LAW

One who provides false material information on a driver's license application is in violation of 16 GCA §§ 3109(f) and 3109.1. It is undisputed that defendant had no right to use another person's ITIN for any reason, and that in representing that another's ITIN was her own, when the DMV would not accept an application without it, she provided false material information on her application. Defendant contends, however, that providing a fraudulent ITIN was not unlawful because Rev & Tax had no legal authority to ask for it. Thus, she argues, she could not be prosecuted by the Government of Guam for a violation of 16 GCA § 3109.1, nor can this conduct be considered unlawful for purposes of 18 U.S.C. § 1028(a)(1).

-3-

One who commits perjury, however, has no standing to contest the underlying reason for doing so. "Where it is determined that the tribunal in which the alleged perjury was committed had jurisdiction of the subject matter and the person, the invalidity of the statute or ordinance is no defense to a charge of perjury." 60A Am.Jur.2d Perjury § 102.

Kay v. United States, 303 U.S. 1 (1938) involved a defendant who was convicted of making false statements on a Home Owners' Loan Corporation document. On appeal, she attacked the validity of the statute, arguing that Congress had no authority to create the Corporation in the first place. The Court responded:

> "When one undertakes to cheat the Government or to mislead its officers, or those acting under its authority, by false statements, he has no standing to assert that the operations of the Government in which the effort to cheat or mislead is made are without constitutional sanction." Id. at 6.

The Court cited a recent decision, United States v. Kapp, 302 U.S. 214 (1937), where the defendant was charged with making false claims under the Agriculture Adjustment Act (AAA), which later was declared unconstitutional. The district court had sustained a demurrer to the indictment, reasoning that because the Act was void, any false claims made pursuant to the Act ceased to be material. The Court reversed. It pointed out that the statute defendant was charged with violating was not the AAA, but rather 18 U.S.C. § 88, which made it unlawful to make false statements to the United States for the purpose of cheating or defrauding it. The Court rejected the notion that the false claims statute did not apply if the underlying statute was invalid.

> "It is cheating the government at which the statute aims and Congress was entitled to protect the government against those who would swindle it regardless of questions of constitutional authority as to the operations that the government is conducting. Such questions cannot be raised by those who make false claims against the government." Id. at 218.

In Dennis v. United States, 384 U.S. 855 (1966), the defendants were union officials who were charged with conspiracy after filing false affidavits concerning their membership in the Communist Party as required by Section 9(h) of the Taft-Hartley Act, which section was later repealed. They argued, among other things, that Section 9(h) was unconstitutional, so their

-4-

convictions for conspiracy to defraud couldn't stand. The Court held:

> "It is no defense to a charge based upon this sort of enterprise that the statutory scheme sought to be evaded is somehow defective. ... There is no reason for this Court to consider the constitutionality of a statute of the behest of petitioners who have been indicted for conspiracy by means of falsehood and deceit to circumvent the law which they now seek to challenge." Id. at 866.

The Court emphasized that it would not allow an attack on the underlying statute because

> "a claim of unconstitutionality will not be heard to excuse a voluntary, deliberate and calculated course of fraud and deceit. One who elects such a course as a means of self-help may not escape the consequences by urging that his conduct be excused because the statute which he sought to evade is unconstitutional. This is a prosecution directed at petitioners' fraud. It is not an action to enforce the statute claimed to be unconstitutional" Id. at 867.

The situation before this court is analogous. Defendant is charged with producing a Guam license unlawfully, by submitting false information on her application. If the Guam Attorney General were to charge her with a violation of 16 GCA §§ 3901 & 3901.1, defendant could not raise as a defense that 16 GCA 3101(12) was invalid, for whatever reason. 60A Am.Jur.2d Perjury § 102 would be directly on point: Guam would have subject matter and personal jurisdiction, and she would have no standing to contest the validity of § 3101(12). In this case, the district court has subject matter and personal jurisdiction over defendant in this prosecution for 18 U.S.C. 1028(a)(1), and she lacks standing to contest the validity of any of the Guam laws underlying this charge.

Respectfully submitted this __19th__ day of August, 2008.

                                        LEONARDO M. RAPADAS  
                                      United States Attorney  
                                      Districts of Guam and NMI

                    By:   /s/ Karon V. Johnson  
                           KARON V. JOHNSON  
                           Assistant U.S. Attorney