(ryu)


FILED
DISTRICT COURT OF GUAM
AUG 20 2008
JEANNE G. QUINATA
Clerk of Court

HOWARD TRAPP INCORPORATED
200 Saylor Building
139 East Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for Defendant

## DISTRICT COURT OF GUAM

------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ( | Criminal Case No. 08-00016 |
| | ) | |
| Plaintiff, | ( | REPLY TO U.S. RESPONSE |
| | ) | TO DEFENDANT'S OBJECTION |
| vs. | ( | TO U.S. PROPOSED JURY |
| | ) | INSTRUCTION ON GUAM LAW |
| JI EON LEE, | ) | |
| | ( | |
| Defendant. | ) | |

------------

1.  "[A]gencies can proceed by adjudication to enforce discrete violations of *existing* laws where the effective scope of the rule's impact will be relatively small; but an agency must proceed by rule-making if it seeks to change the law and establish rules of widespread application." (*Ford Motor Co. v. FTC*, 673 F.2d 1008, 1009 (9th Cir. 1981).)

2.  Where does 16 Guam Code Ann. § 3101(f)(12) say that the

(REPLY TO U.S. RESPONSE TO DEFENDANT'S OBJECTION TO U.S. PROPOSED JURY INSTRUCTION ON GUAM LAW)
Criminal Case No. 08-00016

Director may require information about an Internal Revenue Service Taxpayer Identification Number? The question is whether information about an Internal Revenue Service Taxpayer Identification Number is necessary to determine whether an applicant is entitled to a license. The argument that 16 Guam Code Ann. § 3101(f)(12) "sets forth the information required on an application, and allows the Director to require 'any other information necessary to determine whether the applicant is entitled to a license'," begs the question. It assumes as proved the very thing the Government is trying to prove.

       3.    The government argues that "as concerns the criteria for a taxi driver's license, the Director is simply allowed to adopt 'such reasonable and uniform regulations as he may prescribe. . . .' 16 GCA 1101(c) [sic]." This is misleading. 16 Guam Code Ann. § 11101(c) provides, "All applications for a taxicab driver's license shall be filed with the Director of Department of Revenue and Taxation who, under such reasonable and uniform regulations as he may prescribe, may require fingerprinting and such oral or written examinations and driving tests as may be proper to determine the fitness of each applicant."

2

(REPLY TO U.S. RESPONSE TO DEFENDANT'S OBJECTION TO U.S. PROPOSED JURY INSTRUCTION ON GUAM LAW)
Criminal Case No. 08-00016

4. Defendant has never argued that she could not be prosecuted by the Government of Guam for a violation of 16 Guam Code Ann. § 3109.1. And Defendant is not charged with a violation of 16 Guam Code Ann. § 3109.1. Rather, she is charged with producing an identification document without lawful authority.

Dated, Hagåtña, Guam,

August 20, 2008.

Respectfully submitted,

_____
HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for Defendant

(DOC/ReplyUSRspnseObjJuryInst.JELee)

DECLARATION OF SERVICE

I, Reina Y. Urbien, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendant herein, and that on August 20, 2008, I served the document to which this declaration is annexed on Karon V. Johnson, Esq., Assistant United States Attorney, the attorney for Plaintiff herein, by leaving a copy at her office at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 20, 2008 at Hagåtña, Guam.

　　　　　　　　　　　　　　　　　　　　　／s／ _____
　　　　　　　　　　　　　　　　　　　　　REINA Y. URBIEN