Lee75.memo3

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334
Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 08-00016 |
| Plaintiff, | ) | |
| vs. | ) | **UNITED STATES RESPONSE TO COURT ORDER RE APPLICABLE LAW** |
| JI EON LEE, | ) | |
| Defendant. | ) | |

The court asked the parties to respond to whether defendant's knowingly illegal use of an IRS ITIN to obtain a Guam driver's license would have violated Guam or federal law. Defendant is charged with a violation of 18 U.S.C. 1028(a)(1), by knowingly and illegally causing a Guam driver's license to be produced for her benefit. Federal law does not set standards for the issuance of driver's licenses; this matter is entirely within local purview. Congress, however, has made it a federal offense for an individual to defraud the state by obtaining a driver's license for which he is not qualified. This Congressional intent was spelled out in H.R. REP. 97-802, 1982 U.S.C.C.A.N. 3519, beginning at p. 3527, where it defined identification documents as documents issued under the authority of a government, whether federal government, state, local governments, or foreign. "Unlawful authority" is defined very

-1-

broadly.

> "The term 'unlawful authority' refers to the authority to manufacture, prepare, or issue identification documents by statute or regulation, or by contract pursuant to such authority. A person, such as a clerk, who is authorized to issue identification documents upon the satisfaction of certain requirements, could be acting without lawful authority if he issued an identification document knowing that the requirements had not been fulfilled." Id. at 3528.

Thus, a license is unlawfully obtained if the defendant secures it without lawful authority, in violation of local "statute," "regulation," or "requirement."

The defendant here is charged with aiding and abetting Eun Young Lee; the government does not have to prove that defendant knew the precise illegal method Lee would employ to obtain a Guam license. The government need only prove that defendant knowingly caused Eun Young Lee to produce a license for her unlawfully.

The statutes, regulations and requirements which control the lawful production of a Guam driver's license have been included in the government's initial proposed Trial Exhibit 1. MVD Director Frank Blas will testify that, in addition to the three-year chauffeur's license, during 2004 and 2005, persons who did not have a valid SS or ITIN could obtain a one-year license based on their passports, but the process was burdensome because the applicant had to get letters of rejection from both SS and IRS. Thus, whether a person had a valid SS or ITIN was material to whether he qualified for the regular three-year chauffeur's license.

### I. WHAT LAWS WERE VIOLATED

Defendant violated 16 GCA § 3101(d)(12) by failing to provide truthful information requested by the Director–the fact she did not have a valid ITIN–so he could determine whether she was qualified for a license, and if so, what type of license. Without a valid ITIN, defendant did not meet MVD requirements for obtaining a chauffeur's license

Defendant violated 16 GCA § 3109(f) by causing fraud to be committed in her application: instead of leaving the box blank, she used an ITIN belonging to another person. Such a violation is a third degree felony under Guam law, 16 GCA § 3109.1. Her fraudulent

statement was material because 16 GCA § 3101(i)(4) gives the Director the authority to disapprove an application if he finds the applicant has provided false information.

If defendant had disclosed the truth, that she did not have a valid ITIN, she would have been denied a Guam chauffeur's license. Thus, defendant obtained a Guam chauffeur's license without lawful authority in two different ways: first, because she failed to report she did not have a valid ITIN, and second, because she caused false information to be submitted, a direct violation of Guam law. Either way, defendant obtained her license without lawful authority, as Congress defined the phrase.

## II. PROSECUTION UNDER LOCAL LAW

Unquestionably, defendant could have been charged with a violation of 16 GCA § 3109.1, and tried in local court.

## III. PRESENTING A SOCIAL SECURITY NUMBER

The Director may require a SS number in an application for a driver's license, pursuant to 16 GCA § 3101(e)(12). The Guam Attorney General's Opinion, DRT 89-1449, approved this procedure, reasoning the Legislature gave the Director the power to require such information he determined to be reasonable and necessary in evaluating the qualifications for a driver's license, and for the registration of vehicles, 16 GCA § 7105(c). Although a SS number is protected by the Federal Privacy Act, 42 U.S.C. § 405(c)(2)(C)(i) specifically allows local jurisdictions to require a SS as part of their licensing and registration procedures. The Opinion, attached hereto as Exhibit A, also advised that the Director did not have to adopt regulations prior to request such information, because the Legislature had given him authority to require reasonable and necessary information. (Contrast these sections with other parts of Chapter 16, where the Legislature specifically mandated that particular decisions be made pursuant to the Administrative Adjudication Law.)

The Attorney General had the authority to issue such an opinion, 5 GCA §§ 30102 & 30103. "The opinions of an attorney general are not statements of law, and thus not binding.

-3-

However, they are entitled to great weight, and in the absence of controlling authority, opinions of the attorney general are persuasive." 7 Am.Jur.2d Attorney General § 10. Accordingly, Guam law requires one to present a SS number to obtain a Guam driver's license.

Respectfully submitted this 3rd day of September, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: /s/ Karon V. Johnson
KARON V. JOHNSON
Assistant U.S. Attorney

-4-