

**GOVERNMENT OF GUAM**
AGANA, GUAM 96910

December 5, 1989

Memorandum (Opinion)          Ref: DRT 89-1449

To:       Director, Department of Revenue and Taxation

From:     Attorney General

Subject:  Social Security Number Prerequisite to Issuance
          of Driver's License and Vehicle Registration


We received your memorandum dated October 5, 1989, in which you requested this office's legal opinion on the following:

REQUEST NO. 1:  Can the Department of Revenue and Taxation (hereinafter "Department") withhold issuance of a driver's license or motor vehicle registration from an applicant if such applicant refuses to disclose his or her social security number?

ANSWER:         Yes. See discussion.

REQUEST NO. 2:  If the Department can withhold a driver's license or vehicle registration from an applicant for such applicant's refusal to disclose his or her social security number, must the Department adopt regulations in order to do so?

ANSWER:         No. See discussion.


STATEMENT OF FACTS:

The Department's Motor Vehicle Division has been challenged on its policy of requiring social security numbers from applicants as a prerequisite to motor vehicle registrations and issuance of driver's licenses.

Not only does the Department utilize and require disclosure of social security numbers for driver's license and motor vehicle registration administration, it has, in one known instance, withheld issuance of a driver's license due to the applicant's failure or refusal to disclose his or her social security number.

The Department is currently authorized by 16 GCA Sections 3101(e)(12) and 7105(c) to require information, which is necessary and reasonable, from applicants of driver's licenses and motor vehicle registrations.

I HEREBY CERTIFY THAT THE FOLLOWING IS A TRUE AND CORRECT COPY OF THE ORIGINAL FILE

4-25-08
DATE

SHARON C. RODRIGUEZ
SOLICITOR ADMIN.
SUPERVISOR

DISCUSSION:

Answer to Request No. 1:

Pursuant to 16 GCA Section 3101(e)(12), an applicant for a driver's license must submit an application to the Department which sets forth, among other things "any other information necessary to determine whether such applicant is entitled to a license ...." Such section provides in relevant part:

> ... an applicant for a license or permit shall submit an application to the Department of Revenue and Taxation on a form prescribed by it, verified under oath and containing the following information:
>
> ...any other information necessary to determine whether the applicant is entitled to a license under this Title. (Emphasis added) Id.

In addition, 16 GCA Section 7105(c) authorizes the Department to require on applications for motor vehicle registrations "such additional information as may reasonably be required by the Department." Such section provides in relevant part:

> The owner of a vehicle of a type required to be registered under this Title shall make application to the Department of Revenue and Taxation for registration of the vehicle upon a form furnished by that Department. The application shall contain:
>
> ... such additional information as may reasonably be required by the Department. (Emphasis added) Id.

Hence, pursuant to the above-referenced sections of the Guam Code Annotated, the Department may require from an applicant disclosure of certain information which is necessary or reasonable for the purpose of administering driver's license and motor vehicle registration laws.

The Federal Privacy Act (P.L. 93-579, Section 7), 5 U.S.C. § 522a (note), sets forth the general rule which prohibits state, local or federal government agencies from denying a legal privilege from an individual based on such individuals's refusal to disclose his or her social security number. Furthermore, such section requires federal, state and local government agencies which request disclosure of social security numbers from individuals to inform them "whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited and what uses will be made of it." Id.

mlj/lzl



However, 42 U.S.C. § 405(c)(2)(c)(i) effects an implied exception to the general rule by allowing state, federal and government agencies to utilize social security numbers for the purpose of administering driver's license and motor vehicle registration laws. Such section provides in relevant part:

> ... any State (or political subdivision thereof) may, in the administration of ... driver's license or motor vehicle registration law within its jurisdiction, utilize the social security account numbers ..." Id.

For purposes of reading such section, "state" includes Guam. 42 U.S.C. § 405(e)(2)(c)(iv).

In construing the aforementioned 42 U.S.C. § 405(c)(2)(c) rule, (social security number use authorization) together with the 5 U.S.C. §522a rule (requirement that an applicant of a right, benefit or privilege from whom a social security number is solicited be informed that such disclosure is either voluntary or mandatory), it becomes clear that failure to disclose in mandatory cases will result in the denial of the right, benefit or privilege.



Case law indicates that in connection with motor vehicle registration and driver's license laws, disclosure of social security numbers may be required from applicants for purposes of administration [ Doyle v. Wilson, 529 F.Supp. 1343 (D.C. Del. 1982)], but only if the agency requesting the disclosure of social security numbers informs the applicant as to whether disclosure is mandatory or voluntary, by what statute or other authority such number is solicited, and what uses will be made of it [Doyle v. Wilson, supra; See also Yeager v. Hackensack Water Co., 615 F.Supp. 1087 (D.C.N.J. 1985); Greater Cleaveland Welfare Rights Organization v. Bauer, 462 F.Supp. 1313 (D.C. Ohio 1978); State v. Hughes, 442 N.E.2d 786, 2 O.B.R. 538, 2 Ohio App.3d 433 (1981)].

In the case at hand, the Department requires disclosure of social security numbers from applicants of driver's licenses and motor vehicle registrations for purposes of administration prior to the issuance of either the driver's license or the vehicle registration. In addition, as noted above, 16 GCA Sections 3101(e)(12) and 7105(c) respectively, authorize the Department to require reasonable and necessary information for driver's license and motor vehicle registration administration.



The Department has not indicated whether it has regularly exercised the practice of informing applicants that the disclosure of social security numbers is mandatory, that it is authorized to require disclosure of social security numbers pursuant to GCA §§ 3101(e)12) and 7105(c) and that the social security number is

mlj/lzl

Memo to Dir., Dept. of Rev. & Tax.
December 5, 1989
Page 4



necessary for the purpose of administration, i.e., the social security number will be used for identification verification and processing purposes.

Therefore, it is the opinion of this office that pursuant to Guam and Federal law, the Department is authorized to require from applicants for driver's licenses and motor vehicle registrations disclosure of social security numbers for the purpose of administering the laws incident thereto so long as the Department, in written form, informs the applicant of the following:

1) the statutory authority under which the social security number is solicited,

2) what uses will be made of the social security number, and

3) whether the disclosure is mandatory or voluntary.

It therefore follows that should an applicant refuse to disclose his or her social security number in an application for a driver's license or motor vehicle registration, the Department can refuse to process such application until the authorized necessary information is provided by the applicant.



Answer to Request No. 2

In connection with an agency requiring disclosure of social security numbers for purposes of administering driver's license and motor vehicle registration laws, it is clear that 5 U.S.C. § 552(a), discussed above, requires some legal grant of authority under which the disclosure requirement may be made. <u>Doyle v. Wilson</u>, supra; See also: <u>Alcaraz v. Block</u>, 746 F.2d 593 (C.A.Cal. 1984); <u>Yeagar v. Hackensack Water Co.</u>, supra; <u>Greater Cleaveland Welfare Rights Organization v. Bauer</u>, supra; <u>State v. Hughes</u>, supra. In addition, case law indicates that "administrative practice" alone, absent any discrete legal grant of authority, is not sufficient to support such requirement. <u>Doyle v. Wilson</u>, supra.

In the case at hand, the Department is authorized to require disclosure of social security numbers by 16 GCA §§3101(e)(12) and 7105(c), neither of which mandates the promulgation of regulations in connection with obtaining "reasonable" and "necessary" information for the purpose of administering driver's licenses and motor vehicle registrations.

Therefore, it is the opinion of this office that the Department is not required to adopt regulations for the purpose of making mandatory the social security number disclosure requirement for applicants of driver's license and motor vehicle registrations.



mlj/lzl

This memorandum is issued as an opinion of the Attorney General. For a faster response to any inquiry about this memorandum, please use the reference number shown.

OFFICE OF THE ATTORNEY GENERAL

By: _____
MARIA L. JOSE
Assistant Attorney General

mlj/lzl