(ryu)

HOWARD TRAPP INCORPORATED
200 Saylor Building
139 East Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000
Attorney for Defendant



FILED
DISTRICT COURT OF GUAM

SEP 0 5 2008 &

JEANNE G. QUINATA
Clerk of Court

DISTRICT COURT OF GUAM

-----------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ( | Criminal Case No. 08-00016 |
| | ) | |
| Plaintiff, | ( | DEFENDANT'S BRIEF ON |
| | ) | ISSUES PRESENTED IN |
| vs. | ( | ORDER OF SEPTEMBER 2, 2008 |
| | ) | |
| JI EON LEE, | ( | |
| | ) | |
| Defendant. | ( | |
| | ) | |

-----------

1. *Whether Defendant's alleged knowing and intended unlawful use of the Internal Revenue Service Taxpayer Identification Number would have violated Guam or federal law, and if so, which law(s).*

Whether Defendant's alleged unlawful *use* of an Internal Revenue Service Taxpayer Identification Number would have violated Guam or federal law is beside the point. Defendant is not charged with the unlawful use of an Internal

(DEFENDANT'S BRIEF ON ISSUES PRESENTED IN ORDER OF SEPTEMBER 2, 2008)
Criminal Case No. 08-00016

Revenue Service Taxpayer Identification Number. She is charged with causing the production of an identification document without lawful authority. The presentation of an Internal Revenue Service Taxpayer Identification Number was not required by Guam or federal law. The Department of Revenue and Taxation—which actually produced the identification document in question—did not do so without lawful authority.

> 2. *Whether Defendant could have been tried in local court.*

For what? The Government cites 9 Guam Code Ann. § 3109. But Defendant is not charged with making a false statement. The offense is the production of an identification document without lawful authority. It does not matter how the identification document was produced. The issue is whether the Department of Revenue and Taxation was authorized to do so. And since the presentation of an Internal Revenue Service Taxpayer Identification Number was not required by Guam or federal law—the identification document was produced with lawful authority.

(DEFENDANT'S BRIEF ON ISSUES PRESENTED IN ORDER OF SEPTEMBER 2, 2008)
Criminal Case No. 08-00016

*3. Whether, in obtaining a Guam Driver's License, presenting a Social Security Number is required by Guam or federal law, and if so, which law(s).*

This may be the most important issue, because the Mem. from Dir. of Dep't of Rev. and Tax. to Adm'r of Motor Vehicle Div. of Feb. 5, 1999 (U.S. Am. Ex. List, at 1—21) reads, "Individuals applying for a Guam Driver's License, who do not have and are not eligible to get a Social Security Number, may use an Individual Taxpayer Identification Number to fulfill *the requirement of having a social security number*." (Emphasis added.)

In obtaining a driver's license, presenting a social security number is not required by Guam or federal law. Presenting a social security number is required by California law: "Every application for . . . a driver's license shall contain . . . the applicant's true . . . social security account number." (Cal. Veh. Code § 12800(a); *see also*, Cal. Veh. Code § 1653.5; *Miller v. Reed*, 176 F.3d 1202, 1204 (9th Cir. 1999).) Presenting a social security number is required by the laws of other states as well. (*Nowlin v. Dep't of Motor Vehicles*, 62 Cal.Rptr.2d 409, 413 (Cal. Ct. App. 1997).) But presenting a social security number is not required by any law of

3

(DEFENDANT'S BRIEF ON ISSUES PRESENTED IN ORDER OF SEPTEMBER 2, 2008)
Criminal Case No. 08-00016

Guam. Presenting a social security number is *authorized* by federal law:

> It is the policy of the United States that any State (or political subdivision thereof) *may*, in the administration of any tax, general public assistance, driver's license, or motor vehicle registration law within its jurisdiction, utilize the social security account numbers issued by the Commissioner of Social Security for the purpose of establishing the identification of individuals affected by such law, and *may* require any individual who is or appears to be so affected to furnish to such State (or political subdivision thereof) or any agency thereof having administrative responsibility for the law involved, the social security account number (or numbers, if he has more than one such number) issued to him by the Commissioner of Social Security.

(42 U.S.C. § 405(e)(2)(C)(i)(emphasis added).) But presenting a social security number is not *required* by any law of the United States.

The Government relies on the Mem. (Op.) from Att'y Gen. to Dir. of Dep't of Rev. and Tax. of Dec. 5, 1989. (U.S. Resp. to Ct. Order re Applicable L. 3-4 (filed Sept. 4, 2008).) The Attorney General of Guam relies on *Doyle v. Wilson*, 529 F.Supp. 1343 (D. Del. 1982). (Mem. (Op.) from Att'y Gen. to Dir. of Dep't of Rev. and Tax. of Dec. 5, 1989, at 1.) *Doyle* holds that

> although testimony was presented at trial establishing that

4

> disclosure of the social security number on refund vouchers was required under a long-standing practice of the State Treasurer's Office originating before January 1, 1975, defendants could point to no *statute* or *regulation specifically* authorizing this practice. Administrative practice alone, however, unsupported by any *discrete* legal grant of authority, is not enough to satisfy the requirements of section 7(a) [of the federal Privacy Act of 1974].

(529 F.Supp. at 1349 (emphasis added).) The Attorney General of California also relies on *Doyle*—in 73 Op. Cal. Att'y Gen. 347 (1990). (1990 WL 484776, at *passim*.) A true copy of the latter is hereto annexed as EXHIBIT A and hereby adopted by this reference thereto and for all purposes made a part of this brief.

Dated, Hagåtña, Guam,

September 5, 2008.

Respectfully submitted,

_____
HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for Defendant

(DOCUMENTS/MEMORANDUM.JELee)

5

Westlaw.

73 Ops. Cal. Atty. Gen. 347                                                              Page 1
73 Ops. Cal. Atty. Gen. 347, 1990 WL 484776 (Cal.A.G.)
(Cite as: 1990 WL 484776 (Cal.A.G.))

C

Office of the Attorney General
State of California

*1 Opinion No. 90-202
October 31, 1990

THE HONORABLE WILLIAM E. DAVIS
DIRECTOR
ADMINISTRATIVE OFFICE OF THE COURTS

THE HONORABLE WILLIAM E. DAVIS, DIRECTOR, ADMINISTRATIVE OFFICE OF THE COURTS, has requested an opinion on the following question:

May a person who has been arrested for a traffic offense be required to furnish his or her social security number to the arresting officer or to the court when the person is admitted to bail or fined, so that it would be available to a county department of collections for collection purposes in the event the person does not pay a fine?

CONCLUSION

A person who has been arrested for a traffic offense may be required to furnish his or her social security number to the arresting officer or to the court when the person is admitted to bail or is fined, so that it would be available to a county department of collections for collection purposes in the event the person does not pay a fine, if (1) such mandatory disclosure is authorized by state statute, Judicial Council rule, or other administrative regulation, (2) the person is first informed that furnishing the number is mandatory by virtue of such authority, and (3) he or she is told the uses that will be made of it.

ANALYSIS

This opinion deals with whether a person who has violated a traffic law may be required to disclose his or her social security number at two particular stages encountered in the administration of California's traffic laws: when he or she is arrested for the violation, and when he or she is admitted to bail or is fined in court. The arresting officer would write the social security number on the Notice To Appear; the court would enter it in the court records. The purpose for securing the number in either situation would be to have it available so that it could ultimately be used by a county department of collections in order to pursue collection of a delinquent fine. [FN1]

At present no state statute, state or local administrative regulation, or court

# EXHIBIT A

rule approved by the Judicial Council, sanctions such requests for traffic violators' social security numbers. We conclude that until such time as that type of authority exists, a person who has violated a traffic law may not be required to furnish his or her social security number to an arresting officer or to a court. Moreover, before a traffic violator may be required to provide the number, he or she must be informed of certain information required by section 7(b) of the federal Privacy Act.

The use of the social security number as a personal identifier, "both in private commercial transactions and in citizen communications with government, (has become) commonplace, despite Congressional efforts to curb expanding compulsory disclosure of (it)." (**Doyle v. Wilson (D.Del. 1982) 529 F.Supp. 1343, 1351**.) The basic Congressional effort is contained in section 7 of the Privacy Act of 1974 (Pub.L. 93-579 (5 U.S.C. 552a & hist. note)) which provides as follows:

*2 "(a)(1) It shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.

"(2) the provisions of paragraph (1) of this subsection shall not apply with respect to -- ( ) (A) any disclosure which is required by Federal statute, or ( ) (B) the disclosure of a social security number to any Federal, State, or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual.

"(b) Any Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it."

Section 7 thus contemplates that government agencies may request, or even require, individuals to disclose their social security numbers, but it contains two separate and distinct conditions which affect their doing so: subsection (a) sets an absolute prohibition against a government agency's attaching certain consequences to a refusal to provide a social security number (except in certain situations); and subsection (b) requires that before a person can even be asked for his or her social security number by a government agency, he or she must be informed of three things: (i) whether the disclosure is mandatory or voluntary, (ii) the statute or other authority under which the request is made, and (iii) how the number will be used. (See e.g, Yeager v. Hackensack Water Co. (D.N.J. 1985) 615 F.Supp. 1087, 1091; **Doyle v. Wilson, supra, 529 F.Supp. 1343, 1349**-1350; Doe v. Sharp (D.Mass. 1980) 491 F.Supp. 346, 349-350; Greater Cleveland Wel. Rights Org. v. Bauer (N.D.Ohio 1978) 462 F.Supp. 1313, 1319, 1320.)

We construe the reference to "right, benefit, or privilege" in subsection (a) to mean not only those things to which a person might be entitled to by law as of right, but also those things to which he or she may be entitled in the discretion

Case 1:08-cr-00016   Document 46   Filed 09/05/2008   Page 7 of 13

of another if the exercise of that discretion is conditioned upon providing the social security number. Subsection (a) forbids the denial of either for failing to provide a social security number unless provision of the number is required by federal statute or by a statute or regulation antedating 1975 that was adopted to identify individuals in connection with a then-existing system of records.

A person apprehended for a traffic offense is accorded various rights, benefits, and privileges by California's Vehicle Code at different stages in the law's enforcement. (See generally, Comment, California Traffic Law Administration (1960) 12 Stan.L.Rev. 388.) For example, in the vast majority of traffic cases, a person arrested for a traffic offense has an absolute right to be released from custody on the basis of signing a Notice To Appear, i.e., a promise to appear in court or before a person authorized to receive a deposit of bail. (Veh. Code, 40500, 40504; see People v. Superior Court (Simon) 7 Cal.3d 186, 199; People v. Superior Court (Fuller) (1971) 14 Cal.App.3d 935, 942.) And even where more serious traffic offenses are involved, the person may be eligible to receive the "benefit" of being released from custody on signing the Notice and promising to appear, if that seems proper "in the judgment of the arresting officer." (Veh. Code, 40303, 40404; see People v. Superior Court (Simon), supra at 199-200; People v. Superior Court (Fuller), supra; California Traffic Law Administration, supra, 12 Stan.L.Rev. at pp. 396-397.) Then, a person who is taken into custody to appear before a magistrate may have an absolute right to be admitted to bail and released from custody either by the magistrate before whom he or she is taken, or, if the magistrate is unavailable, by the clerk of the magistrate or the officer in charge of the jail. (Veh. Code, 40302, 40303, 40306, 40307; cf., Cal. Const., art. I, 12; Pen. Code, 1271, 1281; see People v. Superior Court (Simon), supra, 7 Cal.3d at 209; People v. Collin (1973) 35 Cal.App.3d 416, 421; People v. Rhodes (1972) 23 Cal.App.3d 257, 259; Gustafson, Bail In California (1956) 44 Cal.L.Rev. 815, 816-818, 822.)

*3 In these, or any other situation where a right, benefit or privilege accorded a traffic violator would be held hostage to a demand to furnish a social security number, section 7(a) of the Privacy Act would be violated unless the furnishing of the number was required by federal statute or by a statute or regulation adopted prior to January 1, 1975 designed to verify the identity of individuals in connection with a then existing system of records. We are unaware of any federal or pre-1975 state authority that requires the furnishing of social security numbers in the circumstances under consideration, and none has been suggested.

However, there is a federal statute, which was enacted after the Privacy Act, that permits states and local agencies to require persons to disclose their social security numbers if that is found necessary for identification purposes in the administration of certain state laws. Specifically, subparagraph (C) was added to section 205(c)(2) of the Social Security Act (42 U.S.C.A. 405(c)(2)(C)) in 1976 to provide in part:

"(C)(i) It is the policy of the United States that any State (or political

subdivision thereof) may, in the administration of any tax, general public assistance, driver's license, or motor vehicle registration law within its jurisdiction, utilize the social security account numbers issued by the Secretary for the purpose of establishing the identification of individuals affected by such law, and may require any individual who is or appears to be so affected to furnish to such State (or political subdivision thereof) or any agency thereof having administrative responsibility for the law involved, the social security account number (or numbers, if he has more than one such number) issued to him by the Secretary.

"(ii) If and to the extent that any provision of Federal law heretofore enacted is inconsistent with the policy set forth in clause (i) of this subparagraph, such provision shall, on and after the date of the enactment of this subparagraph, be null, void, and of no effect.

"(iii) For purposes of clause (i) of this subparagraph, an agency of a State (or political subdivision thereof) charged with the administration of any general public assistance, driver's license, or motor vehicle registration law which did not use the social security account number for identification under a law or regulation adopted before January 1, 1975, may require an individual to disclose his or her social security number to such agency solely for the purpose of administering the laws referred to in clause (i) above and for the purpose of responding to requests for information from an agency operating pursuant to the provisions of part A (Aid To Families With Dependent Children or D (Child Support and Establishment of Paternity) of title IV of the Social Security Act (42 U.S.C.A. 601 et seq.)."

Subparagraph (C) provides a separate basis upon which states and local agencies can require persons to furnish their social security account numbers. (**Doyle v. Wilson, supra, 529 F.Supp. at 1349;** Doe v. Sharp, supra, 491 F.Supp. at 349). Thus, even where a required disclosure of a social security number is involved and a traffic violator might be denied a right, benefit, or privilege provided by law because of a refusal to disclose, under subparagraph (C) of section 205(c)(2) of the Social Security Act the officer or the court may still require the individual to furnish the number, if that would be "incident to (aiding identification of the person in) the administration of (California's) driver's license ... law...." (Doyle v. **Wilson, supra**; see also, Doe v. Sharp, supra; H.R.Conf.Rept. No. 94-1515 to Pub.L. No. 94-455, reprinted in 1976 U.S. Code Cong. & Admin. News 2897, 4118, 4194-4195.) We believe that securing and using traffic offenders' social security numbers in the situations presented come within the ambit of the permission granted by subparagraph (C).

*4 With the 1976 enactment of subparagraph (C), "States are permitted to use social security numbers on driver's licenses...." (U.S. v. Silva-Chavez (5th Cir. 1989) 888 F.2d 1481, 1483.) Moreover, the statute speaks in terms of states and local agencies being able to require individuals to disclose their social security numbers "for the purpose of administering (a driver's license law)" ( 205(c)(2)(C)(iii)), and utilizing the social security number for the purpose of

establishing the identification of individuals "in the administration" of such a law (id., sub (C)(i).) That permission implies a continuing ability to require and to use the numbers as the law is being administered. (Cf. **Doyle v. Wilson, supra, 529 F.Supp. at 1343.**)

The Vehicle Code does not stop its oversight of California drivers with the issuance of licenses, and its administration involves the post-licensing control of errant drivers. (Cf. Veh. Code, 1803, 1806, 12807, 12808, 12810, 12810.5, 12812, 13330 et seq.) The imposition of fines and "traffic bail" is part of that post-licensing administration of the law where both are employed to punish the traffic offender. (Veh. Code, 42001.5 et seq.; 40512, 40512.5; McDermott v. Superior Court (1972) 6 Cal.3d 693, 695-696; Comment, California Traffic Law Administration, supra, 12 Stan.L.Rev. at p. 400.) In fact, most traffic cases in the state are disposed of by what is known as "(traffic) bail forfeiture." (See, Comment, California Traffic Law Administration, supra, 12 Stan.L.Rev. at p. 400; see also, People v. Superior Court (Simon), supra, 7 Cal.3d at 199; McDermott v. Superior Court, supra, 6 Cal.3d at 697 fn. 2.) Both the offender who has actually been taken before a magistrate and has posted bail so as to be released from custody, and the offender who has remained at liberty on a written promise to appear, may avoid a court appearance by failing to appear and forfeiting his or her bail in lieu of fine. ( 40512, 40512.5; see also, People v. Superior Court (Simon), supra.) Thus, "(b)ail for traffic law offenses is, generally, in effect a fine and is employed more for the purpose of punishment and judicial convenience than insuring that the trial process will take place." (McDermott v. Superior Court, supra, 6 Cal.3d at 696.)

In order for this system to work and for the traffic offender to be punished for violating the law, the fine that is imposed or the bail that is forfeited must actually be paid. Should collection of it become necessary, the identity of a driver must be known with some degree of accuracy. However, given the number of identical and similar names and the mobility of the population, achieving that identification is particularly difficult without a specific identifier to pinpoint individuals wherever they are. Since the usual traffic case involves only minimal contact with the offender, with that occurring either in the field or in a brief court appearance, the difficulty of being able to specifically identify a person who has violated a traffic law at a later time when a fine is not paid, is particularly pronounced.

*5 With the social security number, a county department of collections could more easily identify a debtor-defendant, especially where a common name is involved. (Cf. McElrath v. Califano (7th Cir. 1980) 615 F.2d 434, 440; Cantor v. Supreme Court of Pennsylvania (E.D. Pa. 1973) 353 F.Supp. 1307, 1321.) This would enable it to pursue collection of an unpaid fine through the courts (cf. Pen. Code, 1214(a), 1214.1; 63 Ops.Cal.Atty.Gen. 418, 424 (1980)), and through the state's tax intercept program (cf. Gov. Code, 12419.3, 12419.8). We believe that obtaining the number for the purposes described is a necessary incident to the ef-

73 Ops. Cal. Atty. Gen. 347
73 Ops. Cal. Atty. Gen. 347, 1990 WL 484776 (Cal.A.G.)
(Cite as: 1990 WL 484776 (Cal.A.G.))

Page 6

fective administration of California's driver's license law. Accordingly we conclude that under subparagraph (C) to section 205(c)(2) of the Social Security Act, persons who violate a traffic law may be required to provide their social security numbers to an arresting officer or to a court.

However, subparagraph (C) speaks of permitting "(a) State (or political subdivision thereof)" or "an agency of a State (or political subdivision thereof) charged with the administration of (a) ... driver's license ... law," to require individuals to disclose their social security number. We believe that before an individual may be compelled to furnish his or her number in a particular situation, a governmental agency must take formal legislative action to require that disclosure. (See Alcaraz v. Block (9th Cir. 1984) 746 F.2d 593, 600-602 (formal rules adopted by U.S. Secretary of Agriculture); United States v. $200,000 In United States Currency (S.D. Fla. 1984) 590 F.Supp. 866, 869 (form insufficient without regulation or other administrative legislation to effect it); cf. Wolman v. United States of Am., Selective Service Sys., supra, 501 F.Supp. at 313; **Doyle v. Wilson, supra, 529 F.Supp. at 1349**.) Here that would mean that the state itself, or an administrative agency of the state charged with the administration of the Vehicle Code, would first have to take appropriate formal action adopting a requirement that drivers furnish their social security numbers to arresting officers and courts, before the officers and the courts could demand them. [FN2]

With such formal authority, we conclude that a person who violates a traffic law may be required to furnish his or her social security number to an arresting officer when he or she is arrested, or to a court when he or she is admitted to bail or is fined. Even then, however, one other consideration impacts the request for the number. Subparagraph (C) of section 205(c)(2) of the Social Security Act provides an exception only to the strictures of subsection (a) of section 7 of the Privacy Act (see **Doyle v. Wilson, supra, 529 F.Supp. at 1349**; Doe v. Sharp, supra, 491 F.Supp. at 349) and those of subsection (b) would still govern any request that is made for them. Under subsection (b), before a state or local agency may request an individual to provide his or her social security number, the individual from whom disclosure is sought must be informed "whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it." Compliance with the subsection is the key to achieving the overall congressional objective for enacting section 7 of the Privacy Act and "adequate explanations of the information required by (it) is critical to the right afforded by (subsection (a)) to withhold disclosure of the social security number, except in limited circumstances." (**Doyle v. Wilson, supra, 529 F.Supp at 1349, 1350**; see also, Doe v. Sharp, supra, 491 F.Supp at 349.) Accordingly, courts which have reviewed the matter have carefully examined the timing, content and presentation of the section 7(b) information to see if it constitutes a meaningful offering of the required information. In order for the section to operate in an effective manner, the person must be given the information at or before the time the request for the social security number is made. (See **Doyle v.**

73 Ops. Cal. Atty. Gen. 347

73 Ops. Cal. Atty. Gen. 347, 1990 WL 484776 (Cal.A.G.)

(Cite as: 1990 WL 484776 (Cal.A.G.))

Page 7

**Wilson, supra at 1350;** Greater Cleveland Wel. Rights Org. v. Bauer, supra, 462 F.Supp. at 1319, 1320; Doe v. Sharp, supra at 349- 350.) For a notification to be "meaningful," it must inform the individual of the three items of information required by subsection (b) with some degree of specificity, especially as regards the uses that will be made of the number. (See e.g., Alcaraz v. Block, supra, 746 F.2d at 608-609; McElrath v. Califano, supra, 615 F.2d at 438 & 438 fn. 3; Greater Cleveland Wel. Rights Org. v. Bauer, supra, at 1318-1321.)

*6 For example, in the situation presented, a notification should inform the person that the number will be used as an aid in identifying him or her should it be necessary to pursue collection of any unpaid fine (or bail forfeiture), including using it if necessary to identify him or her in the tax intercept program by which the amount owing would be offset against any tax refund due. A timely and sufficient notification may be given by having adequate information on the Notice To Appear, or on another written notice given the traffic offender.

We therefore conclude that if authorized by state statute, Judicial Council rule, or other administrative regulation, an arresting officer or a court may require a traffic offender to disclose his or her social security number, provided that the individual is first given the information specified in section 7(b) of the Privacy Act.

JOHN K. VAN DE KAMP

Attorney General

RONALD M. WEISKOPF

Deputy

[FN1] Several counties have established a special department or office to collect unpaid fines, court ordered assessments, and other monies owing the county. In other counties that function is carried out by an existing county office, such as the county counsel, the county treasurer, or the county auditor/controller.

[FN2] For example, section 40500, subdivision (b) of the Vehicle Code authorizes the Judicial Council to devise the form for the Notice to Appear. We believe that invites the Council to take rule making action to have the social security number of traffic offenders appear on the Notice. Similarly, the Judicial Council could draft a rule for courts hearing traffic cases to regularly ask for the social security number of a defendant before admitting the person to bail or fining him or her. (Cf. Cal. Const., art. I, 6; Gov. Code, 68070.)

73 Ops. Cal. Atty. Gen. 347, 1990 WL 484776 (Cal.A.G.)

END OF DOCUMENT

# DECLARATION OF SERVICE

I, Joice E. Tevid, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendant herein, and that on September 5, 2008, I served the document to which this declaration is annexed on Karon V. Johnson, Esq., Assistant United States Attorney, the attorney for Plaintiff herein, by leaving a copy at her office at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 5, 2008 at Hagåtña, Guam.

_____
JOICE E. TEVID