# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 08-00016 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| JI EON LEE, | ) | |
| Respondent. | ) | |

This matter comes before the court pursuant to the request of the United States that certain instructions on Guam law be given to the jury. Defendant Ji Eon Lee objects to these instructions and argues they should not be given. Additional briefing was ordered, and upon reviewing the parties' submissions and relevant caselaw and authority, the court now issues the following decision.

Defendant has several objections to the proposed jury instructions. First, he contends that it is surplusage to give an instruction that the court is taking judicial notice of certain Guam statutes. He argues that the court is already giving an instruction that "it is my duty to instruct you on the law which applies to this case." *See* Ninth Circuit Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instruction 3.1. Thus, it is unnecessary to take judicial notice in the proffered instruction. The remedy for this objection is not, however, to refuse to give the instruction. Rather, the court will state only that it will instruct the jury on relevant Guam law, without indicating that it is taking judicial notice of such law.

Defendant's next argument, although represented as an objection to the government's jury instruction, appears to be a challenge to Count II of the Indictment, Fraud in Connection with Identification Document. *See* Docket No. 1. More specifically, Defendant challenges the language in the Indictment that alleges she had "without unlawful authority produce[d] an identification document." Docket No. 1, Indictment. Defendant relies on *United States v. Rohn*, 964 F.2d 310, 314, (4th Cir. 1992), where the court stated that "[t]o demonstrate unlawfulness, it is necessary that the jury be instructed by the district court that particular conduct would have violated a specific law." Defendant contends that there was no "unlawfulness" in using a false IRS Taxpayer Identification Number to obtain a Guam Driver's License, because there is no specific statute or regulation that requires the use of a valid IRS Taxpayer Identification Number to obtain a Guam Driver's License, and even if there was such a requirement, it was promulgated without compliance with the Administrative Adjudication Act, 5 G.C.A. § 9100 *et seq.* and thus cannot be enforced.

The United States, however, points out that the "unlawfulness" of Defendant's particular conduct consists of using a false IRS Taxpayer Identification Number in violation of Guam statutes relating to the issuance of Guam Driver's Licenses. Under 16 G.C.A. § 3101(f)(12), an applicant must complete an application form and provide "any other information necessary to determine whether the applicant is entitled to a license under this title." Furthermore, 16 G.C.A. § 3109 (f) prohibits the "knowingly conceal[ing] a material fact or otherwise commit[ing] a fraud in any such application" for a Guam Driver's license. The United States contends that Defendant's use of a false Taxpayer Identification Number resulted in her obtaining her license without lawful authority.

The issue before the court, then, is the interpretation of "lawful authority." Congress, in enacting the False Identification Crime Control Act of 1982, which first criminalized the charge of Fraud with Identification Document, expressly addressed the term "lawful authority," stating that "'lawful authority' refers to the authority to manufacture, prepare, or issue identification documents by statute or regulation." House Rep. No. 97-802 (1982), 1982 U.S.C.C.A.N. 3519, 3528. Congress further explained that "[a] person, such as a clerk, who is authorized to issue

identification documents upon the satisfaction of certain requirements, could be acting without lawful authority if he issued an identification document knowing that the requirements had not been fulfilled." *Id.* The court in *Rohn* explained "unlawfulness" as "whether particular conduct would have violated a specific law." 964 F.2d at 314.

It cannot be disputed that in using a false IRS Taxpayer Identification Number to complete the application for a Guam Driver's license, Defendant "knowingly conceal[ed] a material fact or otherwise commit[ted] a fraud" in her application for a Guam Driver's license. 16 G.C.A. § 3109 (f). The court is not persuaded by Defendant's arguments.[1]

Accordingly, the court will provide the jury with instructions on Guam law as requested by the United States, subject to the amendments indicated herein. Furthermore, jury trial in this case shall resume on Tuesday, September 23, 2008 at 9:30 a.m.

**IT IS SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Sep 10, 2008**

---

[1] In responding to the court's request for briefing regarding whether Defendant could have been tried in local court, Defendant queries what charges could have been brought against her. Yet, the court notes her query seems to contradict an earlier representation to the court: "Defendant has never argued that she could not be prosecuted by the Government of Guam for a violation of 16 Guam Code Ann. § 3109.1." Docket No. 42. Furthermore, it is clear that pursuant to 16 G.C.A. § 3101 (e)(12), certain information (either a Social Security Number, or other information) may be required by the Department of Revenue and Taxation in its application for a Guam Driver's License.