# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08-00016 |
| Plaintiff, | |
| vs. | **ORDER RE:**<br>**MOTION TO DISMISS INDICTMENT**<br>**AND OBJECTION TO GOVERNMENT** |
| JI EON LEE, | **EXHIBIT 1** |
| Defendant. | |

This matter came before the court for a hearing on September 23, 2008. By contemporaneous filings, Defendant JI EON LEE had moved the court to dismiss her indictment and had objected to Exhibit 1 of the United States. Having considered the parties' arguments and submissions, as well as the relevant authorities, the court hereby **DENIES** the motion to dismiss the indictment, but **GRANTS** the objection to Exhibit 1 of the United States.

\\\

\\\

\\\

## I. FACTUAL BACKGROUND

The indictment alleges that, around January 27, 2005, Defendant JI EON LEE was in Guam and used the false Taxpayer Identification Number ("TIN") 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 to apply for a Guam Driver's license. *See* Docket No. 1 at 2:4-9. The indictment further alleges that Defendant conspired with EUN YOUNG LEE, and others, in doing so. *See id*. at 1:20-23.

## II. PROCEDURAL BACKGROUND

On February 20, 2008, the United States filed an indictment charging Defendant with (1) committing the offense of Fraud in Connection with Identification Documents, and (2) conspiring with another to commit that underlying offense. *See* Docket No. 1.

On June 20, 2008, Defendant filed her proposed jury instructions in this case. *See* Docket No. 15. On July 10, 2008, the United States filed its proposed jury instructions. *See* Docket No. 20. Defendant then filed a superseding request for jury instructions on July 29, 2008, and a request for additional jury instructions on August 6, 2008. *See* Docket Nos. 24, 26.

On August 14, 1008, the United States filed an amended exhibit list. *See* Docket No. 32. This set off a dispute between the parties over the jury instructions and the exhibits. *See* Docket Nos. 33, 34, 36, 38-46. This dispute culminated in the court's September 10, 2008 order on Proposed Jury Instructions on Guam law as to Ji Eon Lee. *See* Docket No. 47.

Finally, on September 12, 2008, Defendant filed the instant motions—her Motion to Dismiss the Indictment, and her Objection to Admission of Government Exhibit 1. *See* Docket Nos. 48 & 49. Defendant concurrently filed a single memorandum in support of both motions. *See* Docket No. 50.

## III. APPLICABLE STANDARDS

An indictment must contain "a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. Proc. 7(c)(1). To be legally sufficient, an indictment "must state the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against which he must defend and to enable him to plead double jeopardy." *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000). An indictment

that tracks the words of the statute charging the offense is usually sufficient, so long as the words unambiguously set forth all elements necessary to constitute the offense. *See Hamling v. United States*, 418 U.S. 87, 117 (1974). The indictment should be read in its entirety, construed according to common sense, and interpreted to include facts necessarily implied. *See United States v. Anderson*, 532 F.2d 1218, 1222 (9th Cir. 1976), *cert. denied*, 429 U.S. 839 (1976). Finally, "the test of sufficiency of the indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *Hinton*, 222 F.3d at 672.

## IV. ANALYSIS

### A. Motion to Dismiss

Defendant contends that the indictment should be dismissed because "it does not state facts sufficient to constitute an offense against the United States." Docket No. 48 at 1.[1]

In the indictment, Defendant is charged with (1) committing the offense of Fraud in Connection with Identification Documents, and (2) conspiring with another to commit that underlying offense.

#### 1. Identification Documents Fraud Charge

The elements of the offense of Fraud in Connection with Identification Documents are as follows: (1) the defendant knowingly produced an identification document, such as a driver's license; (2) the defendant did so "without lawful authority"; and (3) the production, transfer, or use of the document was in or affected interstate commerce. 18 U.S.C. § 1028(a)(1), (b)(1)(A)(ii), (c)(3)(A), (d)(3)-(11). The term "produce" is specified as including the meanings of the terms "alter, authenticate, or assemble." *Id*. at (d)(10). To prove that an identification document was produced "without lawful authority," it must be shown that "that particular conduct would have violated a specific law." *United States v. Rohn*, 964 F.2d 310, 314 (9th Cir. 1992) (noting that "requirement of demonstrating the unlawfulness of the intended conduct could

---

[1] Defendant's motion might best be construed as a demurrer to the indictment.

have been satisfied [at trial] by, for example, an instruction that presenting a false driver's license to a police officer violates a law of a state in which appellant could be expected to drive").

Elements (1) and (3) are adequately alleged. With regard to element (1), the indictment states that Defendant knowingly produced a false Guam Driver's license, bearing the number 1228107745. Docket No. 1 at 2:5-7. This clearly points to the "identification document" that Defendant knowingly produced. With regard to element (3), the indictment states that the production of the false Driver's license "was in and affected interstate and foreign commerce." *Id*. at 2-8-9. Although Defendant may argue that the indictment must allege facts establishing precisely *how* the license "affected interstate and foreign commerce," such facts would be evidentiary matter, and "[t]he Government is not required to set forth evidentiary matter [in an indictment]." *United States v. Carr*, 582 F.2d 242, 244 (2d Cir. 1978).

There is arguably a technical problem with regard to element (2), but, under the circumstances, it is not fatal. As to that element, the indictment states that Defendant produced the false Driver's license "without lawful authority"—specifically, by using the false TIN 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. *Id*. at 2:5, 7-8. Defendant may argue that this element is not adequately alleged because the indictment does not state how the "particular conduct" in question—namely, using a false TIN to obtain a Guam Driver's license—"violated a specific law."[2] *Rohn*, 964 F.2d at 314.

However, insofar as the indictment clearly states that Defendant acted "without lawful authority" in using a false TIN to obtain a Guam Driver's license, it is indisputable that it "set[s] forth the elements of the offense charged and contain[s] a statement of the facts and circumstances . . . inform[ing] the accused of the specific offense with which [s]he is charged." *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979). Moreover, this court has already

---

[2] This seems to be the thrust of Defendant's (almost incomprehensible) Memorandum in Support of Motion by Defendant to Dismiss the Indictment and Objection by Defendant to Admission of Government Exhibit 1. *See* Docket No. 50.

1  stated in an order that "[i]t cannot be disputed that in using a false IRS Taxpayer Identification

2  Number to complete the application for a Guam Driver's license, Defendant 'knowingly

3  conceal[ed] a material fact or otherwise commit[ted] a fraud' in her application for a Guam

4  Driver's license." Docket No. 47 at 3:5-8 (*citing* 16 G.C.A. § 3109(f)). Thus, any defect there

5  may have been in the indictment is cured, because Defendant is clearly "apprise[d]. . . of the

6  charge against which [s]he must defend and [enabled] to plead double jeopardy." *Hinton*, 222

7  F.3d at 672.

8  Thus, the indictment should be sustained insofar as it properly alleges that Defendant

9  committed the offense of Fraud in Connection with Identification Documents.

### 2. Conspiracy Charge

11  The indictment also charges Defendant with conspiracy to commit the offense discussed

12  above.

13  "An indictment charging a conspiracy is sufficient if it alleges an agreement, and

14  identifies both the object towards which the agreement is directed and an overt act." *United

15  States v. Shaffer*, 383 F. Supp. 339, 341-42 (D. Del. 1974).

16  The indictment alleges an agreement (between Defendant and Eun Young Lee), its object

17  (to commit the offense of Fraud in Connection with Identification Documents), and an overt act

18  (submission of an application for a Guam Driver's license using a false TIN). Therefore, the

19  indictment should be sustained insofar as it properly alleges that Defendant conspired to commit

20  the offense of Fraud in Connection with Identification Documents.

21  In sum, the indictment should be sustained altogether, because it adequately alleges both

22  counts against Defendant.

### B. Evidentiary Objection

24  Defendant has also moved to exclude Government Exhibit No. 1, because "it has no

25  tendency to make the existence of any fact that is of consequence to the determination of this

26  action more probable or less probable that it would [otherwise be]." Docket No. 49 at 1-2. The

27  exhibit comprises "Applicable Guam Statutes" and an "Attorney General's Opinion." *See*

Page 5 of 6

Case 1:08-cr-00016   Document 51   Filed 09/23/08   Page 5 of 6

Docket No. 32.

In its September 10, 2008 order on Proposed Jury Instructions on Guam law, the court stated that it "will state only that it will instruct the jury on the relevant Guam law, without indicating that it is taking judicial notice of such law." Docket No. 47 at 1:26-28. Thus, since the court will already instruct the jury on the legal content of Government Exhibit No. 1, Defendant is correct that it adds nothing to the Government's case, and should therefore be excluded.

## V. CONCLUSION

In light of the foregoing analysis, the motion to dismiss is **DENIED**, while the objection is **GRANTED**.

**SO ORDERED.**



*/s/ Frances M. Tydingco-Gatewood*
*Chief Judge*
**Dated: Sep 23, 2008**