# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JI EON LEE,<br><br>　　　　Defendant. | Criminal Case No. 08-00016<br><br>**ORDER RE:**<br>**MOTION FOR JUDGMENT OF ACQUITTAL** |

This matter is before the court on the Defendant's Motion for Judgment of Acquittal of the offenses of Fraud in Connection with Identification Documents and Criminal Conspiracy. The Defendant claims that the evidence is insufficient to sustain a conviction on either count.[1] For the reasons set forth below, the motion is **GRANTED**.

## I. BACKGROUND

On February 20, 2008, in the District of Guam, JI EON LEE ("Defendant") was charged by indictment with one count of Fraud in Connection with Identification Documents, under Section 1028(a)(1) of Title 18, United States Code, and one count of Criminal Conspiracy, under Sections 2 and 371 of Title 18, United States Code. *See* Docket No. 1. The indictment alleges that on or about January 27, 2005, Defendant was in Guam and used a false Taxpayer Identification Number ("TIN"), ostensibly issued by the Internal Revenue Service ("IRS"), to

---

[1] Defendant has also moved for acquittal—or, more accurately, dismissal—on legal grounds. However, since the factual challenge is well-taken even if the law is against Defendant, the court does not resolve her legal arguments.

apply for a Guam driver's license. *See* Docket No. 1. The indictment further alleges that the Defendant conspired with EUN YOUNG LEE, and others, in doing so. *Id.*

The case went to trial on August 15, 2008. After the close of evidence, Defendant moved for Judgment of Acquittal on both counts, under Rule 29(a) of the Federal Rules of Criminal Procedure.

## II. APPLICABLE STANDARDS

Rule 29(a) of the Federal Rules of Criminal Procedure provides that "[a]fter the government closes its evidence or after the close of all evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Further, "[t]he court may on its own consider whether the evidence is insufficient to sustain a conviction." *Id*.

When considering a motion for judgment of acquittal under Rule 29, the court must view the evidence in the light most favorable to the Government. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The relevant question is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could [find] the essential elements of the crime beyond a reasonable doubt." *Id*. (emphasis in original); *see also United States v. Hernandez-Herrera*, 273 F.3d 1213, 1218 (9th Cir. 2001) (judgment of acquittal appropriate if after considering the evidence in the light most favorable to the Government, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt).

If the court decides on the basis of the evidence presented that "reasonable jurors must necessarily have a reasonable doubt as to guilt, the judge must require acquittal, because no other result is permissible within the fixed bounds of jury consideration." *Jackson*, 443 U.S. at 318 n.11 (quotation marks omitted) (*citing* CHARLES ALAN WRIGHT, 2 FEDERAL PRACTICE AND PROCEDURE § 467 (1969 & Supp.1978)).

## III. ANALYSIS

Defendant has moved for judgment of acquittal as to both counts of the indictment, pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure. She claims that no jury could

find, beyond a reasonable doubt, that she had the *mens rea* necessary to commit either of the two crimes alleged in the Indictment.

### A. Fraud Count

By the Government's Proposed Jury Instructions, the count of Fraud in Connection with Identification Documents requires proof that Defendant acted "knowingly"—that is, proof that she "knew or had reason to believe beyond a reasonable doubt that the said driver's license was produced without lawful authority." Docket No. 20 at 4:8-9.

An act is done "knowingly" if the actor is aware of the act and does not act through ignorance, mistake, or accident. *See* NINTH CIRCUIT MODEL CRIMINAL JURY INSTRUCTIONS ("MODEL INSTRUCTIONS") §5.6; *see also United States v. Gravenmeir*, 121 F.3d 526, 529-30 (9th Cir. 1997) (approving this instruction as an accurate statement of the law for use when the criminal statute does not involve a different state of knowledge). The jury may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted "knowingly." MODEL INSTRUCTIONS §5.6.

Here, the evidence is insufficient to establish that Defendant knew or had reason to believe beyond a reasonable doubt that her driver's license was produced unlawfully. At most, the Government's case established that Government witness EUN YOUNG LEE supplied Defendant with a false TIN so that Defendant could obtain a Guam driver's license, and helped her complete the paperwork needed to do so, in exchange for a payment of five hundred dollars. There was no testimony to the effect that EUN YOUNG LEE ever communicated to Defendant that the TIN was false, or that they were doing anything illegal. In fact, the Government *itself* elicited from EUN YOUNG LEE a statement to the effect that she had never spoken with Defendant about the significance of the document bearing the false TIN, and that she simply told Defendant to keep the document along with her other legitimate pieces of identification (her passport and her Korean driver's license). Moreover, the Government *itself* also elicited from EUN YOUNG LEE testimony that, for several years, she had used legitimate TINs to help Korean-speaking Guam residents obtain driver's licenses, in exchange for payments of three

hundred to five hundred dollars. Further, on cross-examination, EUN YOUNG LEE stated that she had used legitimate TINs to obtain driver's licenses at least thirty to forty times. She testified that Guam's Korean-speaking community knew of her and of the services she could provide in helping them to obtain Guam driver's licenses. There was no particular reason for those whom she helped to know or believe that her activities had become illegal after a certain IRS rule change.

The Government's argument as to why Defendant "knew or had reason to believe beyond a reasonable doubt that [her] license was produced without lawful authority" appears to concern only the following facts: that Defendant used, and maintained possession of, the false letter bearing the false TIN; that the false letter was a black-and-white photocopy, whereas the authentic documents have green coloring; that Defendant stated that she did not like EUN YOUNG LEE, but went to see her anyway because she needed her help in order to get something[2]; that Government witness DONG SIK JUNG, who obtained his fraudulent driver's license at the same time that Defendant did, knew that what he was doing was illegal; and, finally, that EUN YOUNG LEE never told her clients that she was obtaining legitimate TINs for them.

Even in the light most favorable to the prosecution, this evidence cannot support a rational trier of fact in finding, beyond a reasonable doubt, that Defendant knew or had reason to believe that her license was produced without lawful authority. Again, there was no testimony that EUN YOUNG LEE ever communicated to Defendant that the TIN was false, or that they were doing anything illegal. Similarly, there was no evidence that Defendant knew, or ought to have known, that the black-and-white photocopied document was fake. Further, the evidence was that Defendant did not fill out any forms and could not speak or read English.

---

[2] This statement emerged from the testimony of DONG SIK JUNG, who was speaking through a Korean interpreter. Translation difficulties made it difficult for him to explain whether the "something" in question was, in fact, the driver's license at issue in the case. The Government declined to clarify its line of questioning, despite a suggestion from the translator to do so. Similarly, the Government declined to rephrase a later question, objected to on relevance grounds, that would have established whether the Guam Revenue & Tax Department had ever expressed any concern about the authenticity of the TINs EUN YOUNG LEE was providing.

1    The court finds that, on the scant evidence presented, no rational trier of fact could find
2    beyond a reasonable doubt that Defendant knew or had reason to believe that her license was
3    produced without lawful authority. A contrary inference could only be speculation. And since
4    speculation is *not* "permissible within the fixed bounds of jury consideration," the court is
5    required to acquit. *Jackson*, 443 U.S. at 318 n.11. Therefore, Defendant's Motion for Judgment
6    of Acquittal of the offense of Fraud in Connection with Identification Documents is
7    **GRANTED**.

8    Ironically, the court's ruling on this count is supported by the Government's recently
9    filed "Motion for Reconsideration of Rule 29 Ruling." *See generally* Docket No. 56.
10   Notwithstanding the fact that the court had yet to issue its ruling, the Government filed its
11   motion urging the court to reconsider its ruling because "[t]he central proof in the government's
12   prosecution . . . is that no one who has lived on Guam for any period of time would choose to
13   pay a private party hundreds of dollars for a Guam driver's license, if they could receive one for
14   $5." *Id.* at 4:8-10. Again, as noted above, the Government *itself* elicited testimony that Guam's
15   Korean-speaking residents had often paid EUN YOUNG LEE three hundred to five hundred
16   dollars to help them obtain *legitimate* Guam driver's licenses. *See supra* 4:17-21. As such, the
17   Government's "central proof" is simply wrong; rather, the Government's own evidence was that
18   people *similarly situated to Defendant*—i.e., Korean-speaking Guam residents—*routinely*
19   "cho[se] to pay a private party hundreds of dollars for a Guam driver's license, [instead of
20   obtaining] one for $5." No rational trier of fact could draw the inference constituting the
21   Government's "central proof," because doing so would be inconsistent with the evidence.

22   The court also observes generally that the substance of the motion contains unsupported
23   assertions of fact not supported by the evidence at trial.

24   Clearly, "[s]ociety has a strong 'interest in giving the prosecution one complete
25   opportunity to convict those who have violated its laws.'" Docket No. 56 at 2:5-6 (*quoting*
26   *Arizona v. Washington*, 434 U.S. 497, 509 (1978)). Here, the Government has had that "one
27   complete opportunity," and has come up short.

28

### B. Criminal Conspiracy Count

By the Government's Proposed Jury Instructions, the count of Criminal Conspiracy in the Indictment requires proof that Defendant agreed with one or more persons to commit the crime of unlawful production of identification documents, and did so "knowing of at least one of its objects and intending to help accomplish it." Docket No. 20 at 2:5-9.

For the same reasons given above, no rational trier of fact could find beyond a reasonable doubt that Defendant agreed with anyone to commit the crime of unlawful production of identification documents and did so knowingly. There is no evidence to support such an inference—a conclusion also supported by the Government's "Motion for Reconsideration of Rule 29 Ruling," which is completely silent on evidence tending to prove that Defendant entered into a Criminal Conspiracy. *See generally* Docket No. 56. Therefore, Defendant's Motion for Judgment of Acquittal of the offense of Criminal Conspiracy is **GRANTED**.[3]

### IV. CONCLUSION

Having considered the evidence in the light most favorable to the Government and finding it insufficient to sustain a conviction on either count, the court **GRANTS** the Defendant's motion and hereby **ENTERS A JUDGMENT OF ACQUITTAL AS TO ALL COUNTS**.

**SO ORDERED**.



/s/ Frances M. Tydingco-Gatewood
 Chief Judge
Dated: Sep 26, 2008

---

[3] The Government came up woefully short in producing the evidence necessary to prove its case. It appears to this court that the prosecution of this case was a complete waste of judicial resources. It is disconcerting that this is not the first time that the Government has tried a case without adequate evidence. *See United States v. Eun Young Lee et. al*, Criminal Case No. 08-00004. The five-week, seven-defendant trial in *Eun Lee* resulted in a jury acquittal for all defendants of all counts. The evidence presented there was minimal at best, there were discovery violations, and a failure on the part of the Government to adequately prepare its witnesses. Unfortunately, this practice seems to be the rule rather than the exception regarding prosecutions by the United States Government. *See United States v. Nathaniel Diaz Punzalan,* Criminal Case No. 07-00075 (jury acquittal on three of the four counts).